DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
6167 Bristol Parkway, #325
Culver City, California 90230
Telephone: (310) 337-1137
Facsimile: (310) 337-1157
Email: Donald@amamgbolaw.com

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616
Email: Reggiet2@aol.com

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZETHA NOBLE, and individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BED BATH & BEYOND, INC., a New York corporation, and DOES 1 through 50, Inclusive,<br><br>Defendants. | CASE NO.: C11-03362 EDL<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08** |

Plaintiff ZETHA NOBLE, on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through her attorneys, as follows:

CLASS ACTION COMPLAINT                                                                  1

# INTRODUCTION

1. California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or otherwise records upon the credit card transaction form or otherwise.

2. Defendants operate retail stores throughout the United States, including California. Defendants are engaging in a pattern of unlawful and deceptive business practices by requesting and recording personal identification information, including zip codes, from customers using credit cards at the point-of-sale in Defendant' retail establishments.

3. On information and belief, Defendant uses the zip codes and additional information obtained from its customers' credit cards, including names and credit card numbers (or portions thereof) to obtain its customers' home addresses. Defendant obtains these addresses with the help of third-party vendors such as Acxiom that maintain proprietary software and databases containing hundreds of millions of individual consumers' contact information. For example, Acxiom advertises its "Shopper Registration" software on its website claiming: "All you have to do is capture the shopper's name from a check or a third-party credit card at the point-of-sale and asks for the shopper's zip code ... and Address Append takes the name, combined with the collected zip code, and matches them to Acxiom's [database]. Acxiom provides a match rate report that tells you how many addresses were matched and appended." [2] See www.acxiom.com/SiteCollectionDocuments/website-

resources/pdf/Fact_Sheets/Fact_Sheet_IB_TS_Shopper_Recognition_200707.pdf. Acxiom is but one of numerous vendors Defendant might use to obtain customers addresses.

4. Defendant does not disclose its intentions to its customers, and instead relies on the common misconception of consumers that Defendant is using the zip code information as a security measure to verify cardholders' identities similar to "pay-at-the-pump" gas station transactions where a zip code is required because there is no live clerk to verify identification. Defendant, however, is not using zip codes as a security measure to verify cardholders' identities during credit card transactions and the credit card companies do not require zip codes to complete in-person "card present" credit card transactions.

5. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## JURISDICTION AND VENUE

6. This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. section 1332(d)(2). Plaintiff and Defendant are citizens of different states and the amount in controversy of this class action exceeds the sum of $5,000,000, exclusive of interests and costs.

7. Venue is proper in this District under 28 U.S.C. section 1391 (b) and (c). A substantial

CLASS ACTION COMPLAINT 3

## THE PARTIES

### A. Plaintiff

8. Plaintiff ZETHA NOBLE (herein referred to as "Plaintiff") is a resident of California, and entered into a retail transaction with Defendant at one of Defendant's California stores.

9. Plaintiff brings this class action against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all persons from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction in California (herein referred to as the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

### B. Defendant

10. Plaintiff is informed and believes that Defendant Bed Bath & Beyond, Inc., is a New York corporation. Plaintiff is informed and believes that Defendant's principal place of business is in California. Defendant operates retail stores under the name Bed Bath & Beyond throughout California.

### C. Doe Defendants

11. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this Complaint to allege their true names and capacities when ascertained.

### D. Agency/Aiding And Abetting

12. At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

### CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

### A. Plaintiff's Contact with Defendant

14. Within the last 12 months, Plaintiff went to one of Defendant's retail stores located in California.

15. Plaintiff entered Defendant's store and proceeded to select a product from the store that Plaintiff intended to purchase.

16. After selecting the item, Plaintiff proceeded to the cashiers' section of Defendant's store to pay for the item selected through use of a credit card.

17. Defendant's employee saw that Plaintiff had selected products that Plaintiff wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then requested personal identification information from Plaintiff in the form of Plaintiff's zip code,

without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's zip code.

18. Plaintiff, believing that she was required to provide his zip code to complete the transaction, told Defendant's employee Plaintiff's zip code.

19. Defendant's employee then typed and recorded Plaintiff's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

20. Defendant's employee then proceeded to inform Plaintiff of the amounts due to Defendant for said product. Plaintiff handed Defendant's employee Plaintiff's credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff. At this point in the transaction, Defendant has Plaintiff's credit card number, name and zip code recorded in its databases.

21. Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff's personal identification information from electronic cash register Plaintiff's credit card number was recorded.

22. Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with her purchased items.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

23. This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons from whom Defendants requested and recorded personal identification information in conjunction with a credit card transaction in California (herein referred to as the "Class"). Excluded from the Class are Defendants, their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

24. The class members are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendants.

25. A class action is superior to other available methods for the fair efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual class members prosecuting separate claims is remote and individual class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

26. There is a well-defined community of interest among the class members because common questions of law and fact predominate, and Plaintiff's claims are typical of the Class claims.

27. Common questions of law and fact exist as to all class members and predominate over any questions affecting solely individual class members. Among the questions of law and fact common to the Class are:

    a. Whether Defendants requested zip codes from credit card customers;

    b. Whether Defendants recorded credit card customers zip codes;

    c. Whether Defendants' conduct violates California Civil Code section 1747.08; and

    d. The proper amount of civil penalties to be awarded to Plaintiff and the Class.

28. Plaintiff's claims are typical of those of the other class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

29. Plaintiff can fairly and adequately represent the interests of the Class, has no conflicts of interest with other class members, and has retained counsel competent and experienced in class action litigation.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08**
**[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

30. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 29 of this Complaint.

31. California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction.

32. Defendants accept credit cards for the transaction of business. During the class period, Defendants had a policy of requesting and recording credit card customers' zip codes at the point-of-sale in Defendants' retail establishments. Zip codes constitute personal identification information for purposes of section 1747.08.

33. Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

## PRAYER FOR RELIEF

1. That the Court certifies this action as a Class action, appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class counsel;

2. For an award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of their wrongful conduct;

4. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

5. For costs of the suit;

6. For prejudgment interest at the legal rate;

CLASS ACTION COMPLAINT 8

7. And for such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff Noble hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Dated: July 4, 2010

THE TERRELL LAW GROUP
AMAMGBO & ASSOCIATES

_____
REGINALD TERRELL, ESQ.


DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
6167 Bristol Parkway, #325
Culver City, California 90230
Telephone: (310) 337-1137
Facsimile: (310) 337-1157

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

CLASS ACTION COMPLAINT                                    9